RAFAEL DEL VALLE SÁRRAGA, Plaintiff and Appellee, v. M. GONZÁLEZ & Co., Defendants and Appellants.

No. 4609. Argued February 8, 1929.—Decided June 28, 1929.

*C. Coll y Cuchí* for the appellants. *Soto Gras* and *Díaz Collazo* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Six errors are assigned separately by the appellants as a basis for asking this court to reverse the judgment rendered by the District Court of San Juan ordering them to pay to the plaintiff the sum of $1,398.67 and the costs of the action. Only three of the six errors assigned are argued by the appellants in their brief.

By the first it is contended that the trial court erred in not sustaining the demurrer of the defendants on the grounds that the complaint does not adduce facts sufficient to determine a good cause of action and that it is indefinite and uncertain.

It is alleged in the complaint that the plaintiff is the owner of the four-story house No. 97 Allen St. of the city of San Juan and its ground floor was leased to the defendants at a monthly rent of one hundred dollars; that on September 4, 1925, a fire broke out on the said ground floor which the defendant used as a warehouse for furniture and other merchandise, and that one of the conditions of the lease contract was that no artificial light would be used in working in the house, it being agreed also that no smoking would be allowed nor the use of any other material that might cause fire.

The occurrence of the fire and the consequent damages to the house, estimated at $2,500, are separately alleged and the 12th averment reads as follows:

"That the fault and negligence of the defendants consist in working or allowing work to be done in the said warehouse by artificial

light and the use of that light by the defendants, their agents, servants, or employees, caused the fire as alleged."

In arguing this assignment of error the appellants say in their brief:

"It is asserted in the complaint that the obligations between plaintiff and defendants originated in a contractual obligation. Therefore the cause of action of the plaintiff seems to have arisen independently of any fault or negligence of the defendants. At the same time it is alleged in the complaint that the damages caused to the plaintiff originated in the negligence and fault of the defendants. It is impossible to establish with certainty which of the two causes of action is relied on and the action for nonperformance of contract excludes that for damages by negligence and vice versa."

In our opinion a mere reading of the summary made by us of the complaint is sufficient for concluding that a good cause of action arises therefrom and that the confusion referred to by the appellants does not exist.

The right to sue is based on the contract, the law and the negligence of the defendants. By virtue of the contract the plaintiff delivered to the defendants his property and the defendants took possession of it under obligation in accordance with the law to use it as a diligent father of a family and return it just as they received it (Secs. 1458 and 1464 of the Revised Civil Code). The leased property was damaged by a fire caused, according to the complaint, by the fault and negligence of the defendants, and their obligation to repair the damages so caused is evident.

The second assignment of error is as follows:

"The court erred in holding that the liability of the defendants appears from the terms of the written contract only in relation to the jurisprudence laid down by the Supreme Court in Ramírez v. Muñoz, 33 P.R.R. 350."

In his statement of the case and opinion the trial judge expressed himself in part as follows:

"The defendants admit that the fire in question took place on September 4, 1925, about 5 p. m., but deny that it caused any damage

to the house of the plaintiff or that they had ever stipulated with the plaintiff not to make any installation of artificial light, although they admit that on the day of the fire no installation existed there and alleged that the reason why no installation existed is that that suited the defendants best. The defendants further admit the existence of a lease contract, although the allegations differ as to the rent, it being alleged that the rent was at first eighty-five dollars and that this was increased later to one hundred dollars per month. The foregoing is what appears from the pleadings.

"Now, it appears from the evidence that Dr. Del Valle is the owner of the building No. 88 Allen St., that he leased the ground floor thereof to the defendants and executed the contract of lease submitted in evidence and marked Exhibit 1 of the defendants, which reads as follows:

" 'Contract of lease: Rafael del Valle Sárraga leases to M. González & Co. for the term of one year from this date at a rent of eighty-five dollars per month payable on the last day of each month:

" 'The ground floor of the building No. 88 Allen St. Rafael del Valle Sárraga waives every right to the use of the leased premises during the life of this contract.

" 'M. González & Co. bind themselves to return the leased premises at the expiration of this contract in the same condition in which it was received and make themselves liable to repair any damage suffered by the building during the time it is used by them.

" 'San Juan, P. R., October 1, 1922.

" '(Signed)    R. del Valle Sárraga.

" '(Signed)    M. González & Co.'

"It was proved that the fire took place on September 4, 1925, and commenced between 4.30 and 5 p. m. in the said building, starting in the warehouse of the defendants. It was shown that on the premises occupied by the defendants electric light had not been used for many years, in fact not since the defendant took it over, and that although there was an electric installation, it was not connected with the electric current.

"It further appears from the evidence that the fire was due to the negligence of one of the employees of the defendant. The evidence is somewhat conflicting as to whether or not there was an agreement between the parties to the effect that no smoking, or the use of matches or of artificial light should be allowed. In support of this we have the testimony of Dr. Del Valle, plaintiff, corroborated by that of his son-in-law, who testified that he had a shop adjoining the defendants at No. 88 Allen St. and that owing to that fact he

saw several times while passing by the establishment of the defendants workmen smoking close to the door and called their attention to the fact that smoking was forbidden there.

"The defendants denied the existence of that agreement and in fact it does not appear in the contract; but we find that the said testimony is corroborated by the evidence of the defendants that the electric installation is disconnected, as well as the testimony of the workmen who are unanimous as to their being forbidden to smoke and use light in the place. It was sought to prove also that artificial light was not needed because they used to work until 5 p. m. only.

"Whatever the theory of the court in the present case, I am of the opinion that the liability of the defendants clearly appears from the terms of the contract introduced in evidence by the defendants and in accordance with the jurisprudence laid down by our Supreme Court in Ramírez v. Muñoz, 33 P.R.R. 350."

In our opinion the assignment of error is without merit. The matter was unnecessarily complicated by virtue of the allegations of the complaint and of the evidence at the trial on the stipulations referring to the prohibition to use artificial light and to smoke.

It may be admitted that the only contract entered into was that copied into that part of the opinion of the district judge which we have quoted and it was renewed from year to year, varying only in the amount of the rent. Even so, considering the condition of the property rented and the use made of it, the defendants were under obligation to be very careful and avoid anything that might bring about a fire.

The law governing the matter in Porto Rico, as it was construed by this court in *Ramírez* v. *Muñoz, supra,* only imposed on the plaintiff lessor under the written contract introduced in evidence by the defendants the duty to prove the fire and the damages resulting therefrom. It was incumbent on the defendants as lessees to show that they were blameless. It seems advisable to transcribe from the opinion of this court delivered by Mr. Justice Aldrey in the case of *Ramírez* v. *Muñoz, supra,* the following:

" 'We think, therefore, that in placing the burden of proof

upon the lessee our code is substantially in accord with the French and Italian Codes, and that in adopting this view it conforms to the elementary principles of justice and does not create an innovation in the general doctrine of obligations, notwithstanding the contrary opinion of Duvergier.

" 'And it could not be otherwise, because the occurrence of a fire, though evident in itself, is not of such a nature as to carry with it the exemption of the lessee from fault. If the damages were caused by a discharge of lightning and it were shown that this was the cause, it would not be necessary to discuss the degree of responsibility of the lessee, for it would be evident that neither the conduct nor the will of man could have had any influence upon such an occurrence. But a fire is not of that same character; the negligence and fault of the lessee, even his bad faith, may have been the cause of the accident, and inasmuch as the occurrence of the accident is what the lessee invokes in favor of the extinction of his obligation to return the thing leased, it is only fair that he should prove that he is free from fault.'

"We agree with the sound reasonings and conclusions of Manresa and can add little or nothing to them, although we will say that the statutory provision is just, as it is easy for the lessee to prove the excusable cause of the fire because the property is in his possession and he may have knowledge of the origin of the fire, while the lessor, who is not in the same position, would find it extremely difficult to prove that the fire occurred through the fault or negligence of his lessee, and it is known that a great majority of fires take place through the carelessness or negligence of the lessee."

In this case the lessees not only failed to prove what was necessary for them to prove, but the lessor, doing more than he was required to do, submitted evidence which led the trial court to conclude that "the fire took place owing to the negligence of one of the employees of the defendant."

The third error assigned refers to the evidence of damages. We have studied the evidence and it sustains the judgment. To state the details on this point would be to lengthen unduly this opinion.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison concurred in the judgment.

Mr. Justice Texidor took no part in the decision of this case.